IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LONG,           Plaintiff | : : : | CIVIL ACTION |
| vs. | : : | NO. 15-6724 |
| FARMERS NEW CENTURY INSURANCE COMPANY,           Defendant | : : : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                          **March 30, 2017**

      This is a diversity insurance contract action brought by Michael Long against Farmers New Century Insurance Company alleging breach of contract and bad faith.  Mr. Long had filed the complaint in the Court of Common Pleas of Berks County, and Farmers removed the action here due to the diversity of citizenship of the parties.  Farmers filed a motion for judgment on the pleadings, and Mr. Long responded.  Farmers argues that it is entitled to judgment as a matter of law because Mr. Long's action is untimely, and because his claim for bad faith fails to state a claim upon which relief can be granted.  For the following reasons, I will grant the motion in its entirety, and enter judgment on behalf of Farmers and against Mr. Long.

      Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if the movant clearly establishes that there are no material issues of fact, and that it is entitled to judgment as a matter of law.  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial.  Id. (quoting FED.R.CIV.P.

12(c)). In deciding a motion for judgment on the pleadings, a court considers the pleadings and exhibits attached thereto, matters of public record, and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents." Id. Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Accordingly, a motion for judgment on the pleadings will be granted if a plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The court "may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Iqbal, 556 U.S. at 678 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice).

      Here, the complaint alleges that Farmers issued an insurance policy on a residence owned by Mr. Jones at 1419 Fairview Street in Reading, Pennsylvania. The policy contains the following suit limitation clause: "**Suit Against Us:** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." See Compl. ¶ 28. The policy further requires that notice of a loss and a claim for benefits be given to Farmers promptly.

The policy also contains the following appraisal clause:

> **Appraisal:** If you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

On May 22, 2014, Mr. Long's property suffered damage during a hail storm. On May 21, 2015, one year later, Mr. Long's representative public adjuster Total Public Adjusting, on behalf of Mr. Long, notified Farmers of the damage to his property and made a claim for insurance benefits. The next day, the one-year anniversary of the loss, Farmers acknowledged receipt of Mr. Long's claim, and in that same letter, stated its position that Mr. Long failed promptly to make a claim for the loss, and reminded him that any suit against Farmers must be filed within one year of the date of the loss. This May 22, 2015 letter also reiterated that Farmers was not waiving any of the terms, conditions, or provisions of the policy. Farmers determined that the damage was covered under the policy, and issued a payment on June 5, 2015.

Mr. Long believed that Farmers had not fully and fairly compensated him for his loss. In September 2015, Mr. Long's public adjuster submitted a demand that Farmers participate in an appraisal of the claim under the policy. The first demand for appraisal

was withdrawn, but was reinstated two weeks later. Fifteen months after the loss was incurred and two months after Farmers had paid Mr. Long for the loss, Farmers declined to engage in the appraisal. Mr. Long filed this complaint on November 23, 2015, eighteen months after the date of loss.

In Count I of the complaint, Mr. Long alleges that Farmers breached the insurance contract by not providing the coverage for his full loss as required under the policy and by not agreeing to participate in the appraisal. Farmers counters that the action was not timely filed under the terms of the policy and that Mr. Long has failed to establish any basis for waiver or estoppel against Farmers' assertion of the defense of the one-year suit limitation.

The interpretation of an insurance policy is a question of law. Erie Insurance Exchange v. Baker, 972 A.2d 507, 511 (Pa. 2009). When interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement. Id. When the policy's language is clear and unambiguous, the court must give effect to the language of the contract. Id.

Mr. Long's policy contains a clear and unambiguous one-year limitation on filing suits against Farmers after the loss or damage occurs. The Commonwealth of Pennsylvania has mandated that all fire insurance policies issued contain such a one-year suit limitation clause. See 40 P.S. § 636(2). Such limitation clauses are valid and enforceable. Prime Medica Associates v. Valley Forge Ins. Co., 970 A.2d 1149, 1156 (Pa.Super. 2009). The validity of the one-year limitation of suit provision in fire insurance policies has been consistently upheld by courts. Schreiber v. PA Lumberman's

Mutual Ins. Co., 444 A.2d 647, 649 (Pa. 1982)(the statutory requirement represents a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds); General State Authority v. Planet Ins. Co., 346 A.2d 265, 267 (Pa. 1975)(the law is clear that such a clause, setting time limits on the commencement of suits to recovery on a policy, is valid and will be sustained).  Here, the policy was bound by that same statutory requirement to include the suit limitation clause.  See Lyons v. Nationwide Ins. Co., 567 A.2d 1100, 1102 (Pa.Super. 1989)(noting that the types of insurance policies required to include the clause mandated by § 636 include policies on houses and other buildings insuring "against loss or damage, including loss of use or occupancy, by fire, smoke, smudge, lightning, and explosion, whether fire ensue or not, and by tornadoes, cyclones, windstorms; earthquakes, *hail*, frost, sleet, snow, or flood") (quoting 40 Pa. P.S. § 382(b)(l)) (emphasis added).

   An insurer might waive the suit limitation defense, or else it may be estopped from relying on it.  "Waiver is the voluntary and intentional abandonment or relinquishment of a known right."  Prime Medica, 970 A.2d at 1156.  Waiver arises either by express declaration or else by conduct so inconsistent with the defense that there is no reasonable ground to infer that the insurer relies on the suit limitation defense.  Id. at 1156-1157.  An insurer will be estopped from raising the suit limitation defense if there is clear and convincing evidence that the insurer induced the insured to justifiably rely, to the insured's detriment, on the insurer's words or conduct reflecting a decision not to invoke the defense.  Id. at 1157.

On the other hand, if an insurer invokes the suit limitation clause and does not lull the insured into thinking it will not rely on the clause, the one-year limitation on suits is enforceable. General State Authority, 346 A.2d at 268 (affirming the entry of judgment on the pleadings where the insurer did nothing to cause the filing of suit to be delayed until more than one year after the loss).

Here, Farmers did nothing to cause the delay of this action. It invoked the suit limitation clause immediately upon receipt of the claim. It reiterated its reliance on the clause in its correspondence with Mr. Long. It pleaded the defense in its Answer to the Complaint. Finally, it premises this motion on the suit limitation clause. Thus, Farmers has not waived this defense.

Further, Farmers is not estopped from relying on the defense. Mr. Long filed his claim one day before the suit limitations period expired. No conduct by Farmers lulled him into this delay. Farmers immediately acknowledged receipt of Mr. Long's claim the very next day after he reported it, and in that acknowledgement clearly stated that was not waiving the suit limitation clause. Therefore, Farmers is not estopped from invoking the suit limitation clause.

A policy's limitations period begins to run from the date of the occurrence of the destructive event insured against. Bostick v. ITT Hartford Group, Inc., 56 F.Supp.2d 580, 586 (E.D. Pa. 1999) (citing General State Authority, 346 A.2d at 267); see also Blackwell v. Allstate Ins. Co., 14-cv-0878, 2014 U.S. Dist. LEXIS 123067 (E.D. Pa. Sept. 3, 2014) (breach of contract action was untimely filed beyond one year from the date of the loss, and expressly rejecting the plaintiff's argument that the one year should

6

begin at the time of the alleged breach of contract, which occurred beyond one year from the date of the loss).

Here, Mr. Long incurred the loss on May 22, 2014, but did not file suit in Berks County Court of Common Pleas until November 23, 2015, eighteen months later. Thus, this action is time-barred under the one year suit limitation clause. See Bostick, 56 F.Supp.2d at 586; Blackwell, 2014 U.S. Dist. LEXIS 123067; General State Authority, 346 A.2d at 267; Prime Medica, 970 A.2d at 1156-1157. Accordingly, I will grant Farmers' motion for judgment on the pleadings on Count I.

In Count II, Mr. Long alleges that Farmers engaged in bad faith conduct and treated him unreasonably and unfairly with respect to its adjustment of his covered loss, in violation of 42 Pa.C.S.A. § 8371.[1] Farmers argues that Mr. Long's bad faith claim fails to state a claim upon which relief can be granted. Again, I must agree.

Pennsylvania's bad faith statute allows a plaintiff to recover interest, punitive damages, court costs, and/or attorney's fees if an insurer has acted in bad faith in handling a claim. In order to show bad faith, a claimant must ultimately establish by clear and convincing evidence both that: (1) the insurer lacked a reasonable basis for denying benefits; and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005)

---

[1] Pennsylvania's bad faith statute provides: In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
    (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
    (2) Award punitive damages against the insurer.
    (3) Assess court costs and attorney fees against the insurer. 42 Pa.C.S.A. § 8371.

(citing Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000)). See also Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688-89 (Pa.Super. 1984) (Under Pennsylvania law, to recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim). The standard is a reckless disregard of a known lack of reasonable basis to deny a claim. Mere error or negligence in a claim decision is insufficient to establish bad faith. Rancosky v. Wash. Nat'l Ins. Co., 130 A.3d 79 (Pa.Super. 2015).

"Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." In the insurance context, bad faith is defined as:

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Terletsky, 649 A.2d at 688 (quoting Black's Law Dictionary 139)(citing Rottmund v. Continental Assurance Co., 813 F.Supp. 1104, 1108-09 (E.D. Pa. 1992); Coyne v. Allstate Ins. Co., 771 F.Supp. 673, 677-78 (E.D. Pa. 1991)); Condio v. Erie Ins. Exchange, 899 A.2d 1136, 1143 (Pa. Super. 2006)(citing Williams v. Nationwide Mutual Ins. Co., 750 A.2d 881, 887 (Pa. Super. 2000)).

Here, Mr. Long alleges that, "in furtherance of its bad faith and wrongful denial and refusal to provide benefits for Plaintiff's covered loss," Farmers "engaged in the following conduct:

(a) In placing its interests over the interests of its insureds;

(b) In denying Plaintiff a benefit due under the policy without any basis;

(c) In refusing to go to appraisal and thereby intentionally underpaying Plaintiff's claim and denying him an opportunity to resolve his dispute through the appraisal process;

(d) In misrepresenting the terms and conditions of the insurance policy;

(e) In telling Plaintiff to demand appraisal and then refusing to go to appraisal;

(f) In treating Plaintiff with reckless indifference and disregard under the circumstances;

(g) In not having a reasonable basis for denying Plaintiff the benefits due under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied such benefits." See Compl. ¶ 40. These "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid cause of action. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)); see also Sypeck v. State Farm, 12-cv-0324, 2012 U.S. Dist. LEXIS 83326 (M.D. June 15, 2012) (dismissing plaintiff's bad faith claim because it was supported "almost entirely with conclusory allegations using boilerplate language."); Atiyeh v. Nat'l Fire Ins. Co., 742 F.Supp.2d 591, 599-600 (E.D. Pa. 2010) (dismissing bad faith claim which only presents "'bare-bones' conclusory

9

allegations"); Bremme v. State Farm Mut. Auto. Ins. Co., No. 11-cv-2864, 2011 U.S. Dist. LEXIS 155413, *6-7 (E.D. Pa. Sept. 29, 2011)) (dismissing bad faith claim which contained "nothing more than unsupported, threadbare assertions that Defendant unreasonably refused to settle Plaintiff's UM claim").

Nevertheless, even after viewing all reasonable inferences in the light most favorable to Mr. Long, I cannot find that he has sufficiently alleged that Farmers acted in bad faith. In a letter dated September 28, 2015, Farmers responded to Mr. Long's demand:

> At this time, we respectfully decline to engage in appraisal in regard to this claim, as the claim is now time-barred by the terms of the policy. . . [T]he above suit limitation period expired on May 22, 2015. Your original demand for appraisal was received on September 4, 2015. Your request to withdraw the appraisal was received on September 9, 2015. Your second demand for appraisal was received on September 17, 2015, a period beyond the expiration of the policy's one-year limitation. As such, further action related [to] this claim is now time-barred, and we respectfully decline to engage in appraisal on these grounds.

See Compl., Exhibit D; Document #1 at 32.

My task here is to determine whether Farmer lacked a reasonable basis for declining the appraisal and whether it knew or recklessly disregarded its lack of reasonable basis, not whether its explanation was correct. Whether the policy's one-year limitation included appraisals is an issue to be explored in a claim for breach of contract, not in one for bad faith. Unfortunately, Mr. Long's breach of contract claim is untimely.

Mr. Long has not provided factual information to show that Farmers lacked a reasonable basis for declining his request for an appraisal. Further, he has offered no facts to explain why Farmer's decision was "arbitrary." Even assuming that Farmers acted unreasonably in declining the request for an appraisal, Mr. Long has also not offered evidence of the second prong of the test for bad faith, i.e., Mr. Long has not provided facts to show that Farmers knew or disregarded its lack of a reasonable basis.[2] Babayan, 430 F.3d at 137.

Given the language of the policy and the fifteen month delay in demanding an appraisal, it was reasonable for Farmers to assume that this request was untimely. The Superior Court of Pennsylvania has held that a demand for appraisal made twenty-three months after the date of the loss was untimely. Hodges v. Pennsylvania Millers Mutual Insurance Company, 673 A.2d 973 (Pa.Super. 1996). The court noted that "it is hornbook law that where no time is specified for performance of a contractual obligation, the courts will require that the obligation be performed within a "reasonable" time. Id., 673 A.2d at 974. Thus, the untimeliness of the demand was a reasonable basis for Farmers to decline to participate in an appraisal.

---

[2] Under the second part of the analysis, mere negligence or bad judgment does not constitute bad faith. Condio, 899 A.2d at 1143. However, recklessness on the part of the insurer can support a finding of bad faith. Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994). Proof that an insurer's delay in payment was motivated by an improper purpose is not a required element. Klinger v. State Farm, 115 F.3d 230, 233 (3d Cir. 1997); see also Greene v. United Services Auto. Ass'n, 936 A.2d 1178, 1191 (Pa. Super. 2007) (adopting the reasoning in Klinger and holding that a "'motive of self-interest or ill will' level of culpability is not a third element required for a finding of bad faith, but it is probative of the second element identified in Terletsky, i.e., 'the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim.'")

Because Farmers neither lacked a reasonable basis for its action, nor recklessly disregarded a lack of a reasonable basis for its action, Mr. Long's bad faith claim fails as a matter of law.  See Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 307-308 (3d Cir. 1995) (bad faith claim properly dismissed where the insurer had a reasonable basis to deny the claim).  I will grant Farmers' motion and enter judgment on its behalf and against Mr. Long on Count II.

An appropriate Order follows.